# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THOMAS K. FINLEY,

      Petitioner,

      -vs-

WARDEN, Warren Correctional
 Institution,

      Respondent.

:

:

:

Case No. 1:09-cv-414

District Judge Sandra S. Beckwith
Magistrate Judge Michael R. Merz

---

# REPORT AND RECOMMENDATIONS

---

Petitioner Thomas Finley brought this habeas corpus action *pro se* to seek relief from his convictions in the Hamilton County Common Pleas Court for aggravated robbery, felonious assault, and a firearm specification.  He pleads the following two Grounds for Relief:

> **Ground One:** Equal Protection of Law.
>
> **Supporting Facts:** Based upon the fact I was not advised of right of an appeal and denied counsel to perfect an appeal on my behalf.
>
> **Ground Two:** Due Process Violation.
>
> **Supporting Facts:** Based upon the fact that I was not advised of an appeal rights [sic].  Also denied counsel to perfect an appeal on my behalf.

(Petition, Doc. No. 15, PageID 61-63.)

**Procedural History**

Petitioner was indicted by the Hamilton County Grand Jury in 2006 on four counts of aggravated robbery with specifications, four counts of robbery, three counts of abduction with specifications, one count of felonious assault with specifications, and one count of tampering with evidence, also with specifications. In February, 2007, he withdrew his former plea of not guilty and entered pleas of guilty to four counts of aggravated robbery with firearm specifications and one count of felonious assault. He was then sentenced on March 22, 2007, to a total of fifteen years confinement. On August 11, 2008, Petitioner filed a motion for delayed appeal which was denied on September 10, 2008. On February 4, 2009, the Ohio Supreme Court declined further appellate jurisdiction. Petitioner then filed this action on July 30, 2009[1].

On Magistrate Judge Hogan's Order (Doc. No. 12), Respondent filed a Return of Writ (Doc. No. 20). Petitioner requested and received an extension of time until May 3, 2010, to file a reply to the Return of Writ (Doc. Nos. 21, 22). No reply has been filed as of the time of this Report.

**Analysis**

Respondent asserts that the Petition is barred by the statute of limitations. 28 U.S.C. §2244 (d) provides:

---

[1] Petitioner placed his Petition in the prison mailing system on that date. For an incarcerated person, this constitutes filing with the Court. *Houston v. Lack,* 487 U.S. 266 (1988); *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

-2-

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final thirty days after the trial court judgment, which was the last day on which he could have filed a direct appeal. That date was April 23, 2007. The statute of limitations began to run on that date and expired one year later on April 24, 2008. The Petition in this case was not filed until June 30, 2009, more than fourteen months later. Petitioner had no applications for collateral review pending during that time to toll the statute. None of the other dates from which to calculate finality have any application here.

Therefore the Petition is barred by the statute of limitations and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be

denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 13, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).